The Honorable Thomas T. Glover
Chapter 11
*Ex Parte*

1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

IN RE:

10

BENJAMIN D. BRASHEN,

11

12

Debtor(s).

13

14

BENJAMIN D. BRASHEN,

15

Plaintiffs,

16

v.

17

JPMORGAN CHASE BANK, N.A.,

18

19

Defendant(s).

Case No. 09-20406 TTG

Chapter 13

Adversary Case No.   10-01035

*AMENDED* JUDGMENT

20

21

22

23

24

25

26

THIS MATTER having come Ex Parte before the Judge of the above-entitled Court upon the Plaintiff's Adversary Complaint against Defendant Chase Bank, N.A. (hereinafter "Defendant"), and Plaintiff being represented by his attorneys, Christina Latta Henry and Seattle Debt Law, LLC and Defendant having failed to appear, answer or plead herein, and the Court having granted the Plaintiff's Motion for Default Judgment, the Declaration of Christina Latta Henry in support of the same and being otherwise fully advised in the premises,

NOW, THEREFORE, it is hereby

27

JUDGMENT
(1)

**SEATTLE DEBT LAW, LLC**
705 SECOND AVE., SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
FAX 206-447-0115

ORDERED, ADJUDGED and DECREED that Plaintiffs' Order of Judgment to strip off the junior lien for the property commonly known as 210 10th Street, Apartment 5, Kirkland, Washington 98033 (Parcel Number 9200500050) and recorded under Deed of Trust Number 20071226001440 filed for record in King County and held by JPMorgan Chase Bank, N.A. a copy of said Deed of Trust is attached hereto as **Exhibit A**, is hereby granted; that Defendant's claim shall be allowed as a general unsecured claim; that this lien avoidance is contingent upon the completion of the Plaintiffs' Chapter 11 plan and receipt of a Chapter 11 discharge; that upon the discharge, the Plaintiffs may record this judgment with the King County Clerk of Court; and that Defendant's lien shall be reinstated in the event the Plaintiffs' Chapter 11 bankruptcy case is dismissed or converted.

DATED this ___ day of March, 2010.

Thomas T. Glover
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

Presented by:

SEATTLE DEBT LAW, LLC


_____/s/ Christina Latta Henry_____
Christina Latta Henry, WSBA 31273
Attorney for Plaintiffs

JUDGMENT
(2)

SEATTLE DEBT LAW, LLC
705 SECOND AVE., SUITE 1050
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
FAX 206-447-0115

Case 10-01035-TTG   Doc 7   Filed 03/19/10   Entered 03/19/10 08:26:48   Page 2 of 14

POST CLOSING KY2-1606
P. O. BOX 11606
LEXINGTON, KY 40576-1606



2007122600144O
52.00
COMMONWEALTH L DT
PAGE001 OF 012
12/26/2007 15:21
KING COUNTY, WA

After Recording return to:
JPMorgan Chase Bank, N.A.
HE Post Closing, KY2-1606
PO Box 11606
Lexington, KY 40576-1606

12/52 ℗

Loan Number: 26400044378

Commonwealth Land Title

REF. TS400003535 (2)

## WASHINGTON
## LINE OF CREDIT TRUST DEED
### (Securing Future Advances)

Reference Numbers of related documents:

Additional reference numbers on page _____ of document.

Grantor(s) (Last, First and Middle Initial):

1. BENJAMIN D. BRASHEN

2.

3.

4.

5.

6.

Additional grantor(s) on page 2 of document.

Grantee(s) (Last, First and Middle Initial):
1. JPMorgan Chase Bank, N.A.
2.

Legal Description [abbreviated form (lot, block, plat name, section-to-township range)]: See
Exhibit A

Unit 5 Waverly Crest Townhomes Condo

Additional legal description is in Exhibit A, which is attached hereto and made a part
hereof. on pg 9

Assessor's Property Tax Parcel Account Number(s): 9200500050

Exhibit A



**THIS DEED OF TRUST** is given on December 19, 2007. The Grantor is Benjamin D. Brashen, as his separate estate, whose mailing address is 210 10TH ST APT 5, KIRKLAND, WA 98033. The Trustee is Stewart Title Company of Washington, whose address is 1980 Post Oak Blvd., Suite 800, Houston, TX 77056 ("Trustee"). The beneficiary is JPMorgan Chase Bank, N.A., whose address is 1111 Polaris Parkway, Columbus, OH 43240 ("Lender") or its successors or assignees. All notices and correspondence to the Lender pursuant to Section 13 should be addressed to Chase Home Finance LLC, 250 West Huron Road, P.O. Box 93764, Cleveland, OH 44113. In this Deed of Trust, the terms "you," "your" and "yours" refer to the Grantor(s). The terms "we," "us" and "our" refer to the Lender. Pursuant to a Home Equity Line of Credit Agreement ("Agreement") dated the same date as this Deed of Trust, you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of One Hundred Eleven Thousand Four Hundred and 00/100ths Dollars (U.S. 111,400.00). The Agreement provides for a final scheduled installment due and payable not later than on January 01, 2038. You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement.

This Deed of Trust secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, renegotiations, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Deed of Trust to protect the security of this Deed of Trust; and (c) the performance of your covenants and agreements under this Deed of Trust and the Agreement. For this purpose and in consideration of the debt, you hereby irrevocably grant and convey to Trustee and Trustee's successors and assigns, in trust, with power of sale, the property located in King County, Washington and more fully described in Exhibit A, which is attached hereto and made a part hereof.

The property is more commonly known as: 210 10TH ST APT 5, KIRKLAND, WA 98033 ("Property Address") and the property tax identification number is 00000.

**TOGETHER WITH** all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

**YOU COVENANT** that you are lawfully seised of the estate hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**YOU AND WE** covenant and agree as follows:

1. **Payment of Principal, Interest and Other Charges.** You will pay when due the principal of and interest owing under the Agreement and all other charges due hereunder and due under the Agreement.

2. **Payment of Taxes and Insurance.** You will pay, when due, all taxes, assessments, leasehold payments or ground rents (if any), and hazard insurance on the Property.

We specifically reserve to ourselves and our successors and assigns the unilateral right to require, upon notice, that you pay to us on the day monthly payments

are due an amount equal to one-twelfth (1/12) of the yearly taxes and assessments (including condominium assessments, if any) which may attain priority over this Deed of Trust and leasehold payments or ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law. We will exercise this right only if (1) you are not required under any transaction evidenced by a mortgage, deed of trust, or other security instrument with a lien that has priority over this Deed of Trust to make such payments to the lienholder secured by such instrument, and (2) you fail to make such tax, assessment, leasehold, rent or insurance payments in a timely manner, as agreed under this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 will be applied by us as permitted under the Agreement.

**4. Prior Deeds of Trust; Charges; Liens.** You shall perform all of your obligations under any mortgage, deed of trust, or other security instruments with a lien which has priority over this Deed of Trust or any Advance under this Deed of Trust, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust or any Advance under this Deed of Trust, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this Section and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Deed of Trust or any Advance under this Deed of Trust.

**5. Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which we require insurance. If the Property is located in a special flood hazard area as determined by the Director of the Federal Emergency Management Agency, you will obtain and maintain Federal Flood Insurance, if available, within 45 days after we provide you with notice that the Property is in a special flood hazard area. The insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices.

If you fail to maintain coverage as required in this Section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions of Section 7. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance.

You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Deed of Trust, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days our notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The 30-day period will begin when notice is given. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

Case 10-01035-TTG    Doc 7    Filed 03/19/10    Entered 03/19/10 08:26:48    Page 5 of 14

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

**6. Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** You shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or our security interest. You may cure such a default, as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Deed of Trust or our security interest. You shall also be in default if you, or any persons or entities acting at your direction or with your knowledge or consent, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning occupancy of the Property. If this Deed of Trust is on a leasehold, you shall comply with the lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

**7. Protection of Our Rights in the Property.** If you fail to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Deed of Trust or any advance under the Agreement or this Deed of Trust, appearing in court, paying reasonable attorneys' fees, paying any sums which you are required to pay under this Deed of Trust and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this Section. Any amounts we pay under this Section shall become additional debts you owe us and shall be secured by this Deed of Trust. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request.

**8. Inspection.** We or our agent may make entries in and upon the Property to inspect same at any reasonable time and upon reasonable notice.

**9. Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

**10. You Are Not Released; Forbearance by Us Not a Waiver.** Extension of time for payment or modification of amortization of the sums secured by this Deed of Trust granted by us to any of your successors in interest shall not operate to release your liability or the liability of your successors in interest. We shall not be required to commence proceedings against any successor in interest, refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by you or your successors in interest. Our forbearance in exercising any right or remedy shall not waive or preclude the exercise of any right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Additional Signers.** The covenants and agreements of this Deed of Trust shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who signs this Deed of Trust but does not execute the Agreement: (a) is signing this Deed of Trust only to grant and convey such person's

interest in the Property; (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Deed of Trust; and (c) agrees that we and anyone else who signs this Deed of Trust may agree to extend, modify, forbear or make any accommodations regarding the terms of this Deed of Trust or the Agreement without such person's consent.

**12. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

**13. Notices.** Unless otherwise required by law, any notice to you provided for in this Deed of Trust shall be delivered or mailed by first class mail to the mailing address stated above or any other address you designate by notice to us. Unless otherwise required by law, any notice to us shall be given by first class mail to our address stated above or any other address we designate by notice to you. Any notice provided for in this Deed of Trust shall be deemed to have been given to you or us when given as provided in this Section.

**14. Governing Law; Severability.** The extension of credit secured by this Deed of Trust is governed by federal law, which for the purposes of 12 USC § 85 incorporates Ohio law. However, the interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Deed of Trust or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Agreement are declared to be severable.

**15. Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Deed of Trust.

**16. Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Deed of Trust) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Deed of Trust. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**17. Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Deed of Trust, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline,

kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Deed of Trust, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

18. **Acceleration; Remedies.** You will be in default if (1) any payment required by the Agreement or this Deed of Trust is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) you take any action or fail to take any action that adversely affects our security for the Agreement or any right we have in the Property. If a default occurs (other than under Section 15, unless applicable law provides otherwise), we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may foreclose this Deed of Trust by judicial proceeding. We shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees as permitted by applicable law, but not to exceed 20% of the outstanding principal and interest, and costs of title evidence.

If we invoke the power of sale, we shall give written notice to Trustee of the occurrence of an event of default and of our election to cause the Property to be sold. We and the Trustee shall take such action regarding notice of sale and shall give such notices to you and to the other persons as applicable law may require. After the time required by applicable law and after publication of the notice of sale, Trustee, without demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of the Property for a period or periods permitted by applicable law by public announcement at the time and place fixed in the notice of sale. Either we or our designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, as set forth above; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it or to the clerk of the superior court of the county in which the sale took place.

19. **Advances to Protect Security.** This Deed of Trust shall secure the unpaid balance of advances made by us, with respect to the Property, for the payment of taxes, assessments, insurance premiums and costs incurred for the protection of the Property.

20. **Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Deed of Trust under the provisions of Section 18, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Deed of Trust.

21. **Substitute Trustee.** We, at our option, may from time to time remove the Trustee and appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee in this Deed of Trust and by applicable law.

**22. Reconveyance.** Upon your request and payment of all sums secured by this Deed of Trust, we will request Trustee to reconvey the Property and will surrender this Deed of Trust and all agreements evidencing debt secured by this Deed of Trust to Trustee. Trustee will reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person will be responsible for all costs of recording such reconveyance.

**23. Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations. Provided, however, that nothing contained in this Section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Deed of Trust upon full repayment of all sums secured hereby.

**24. Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Deed of Trust or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time.

**25. Waiver of Homestead.** You acknowledge that, by executing this Mortgage/Deed of Trust, you are waiving any homestead exemption that you may have in the Property under state law.

**26. Use of Property.** You covenant that the Property is not used principally for agricultural or farming purposes.

**27. Riders to this Deed of Trust.** If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust.

[X] Condominium Rider    [ ] 1-4 Family Rider    [ ] Planned Unit Development Rider

[ ] Other(s)                          [ ] Second Home Rider

Case 10-01035-TJG   Doc 7   Filed 03/19/10   Entered 03/19/10 08:26:48   Page 9 of 14

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by you and recorded with it.

_____                              Grantor
BENJAMIN D. BRASHEN

_____                              Grantor

_____                              Grantor

_____                              Grantor

_____                              Grantor

_____                              Grantor

_____                              Grantor

STATE OF WA                              )
                                         ) ss:
CITY/COUNTY OF Kinl                      )

The foregoing instrument was acknowledged before me this ___19___ day of
_Dec_____ , __2007__ , by _Benjamin D Brashen_____
_____to
me known to be the person(s) aforesaid, who acknowledged that they executed this
instrument as their free and voluntary act and deed and for the uses and purposes
therein mentioned.

_____
                                        Notary Public

My Commission Expires: __1/09/11_____

[Affix Notarial Seal, if any]

## EXHIBIT A

This is Exhibit A a mortgage transaction in favor of **JPMorgan Chase Bank, N.A.**, dated **12/19/2007**, and executed by **BENJAMIN D. BRASHEN.**

**Clerk: If detached from the above-described document, please return to**
JPMorgan Chase Bank, N.A.
HE Post Closing, KY2-1606
PO Box 11606
Lexington, KY 40576-1606

### Description of Property

UNIT 5, OF WAVERLY CREST TOWNHOMES, A CONDOMINIUM RECORDED IN VOLUME 183 OF CONDOMINIUMS, PAGES 40 THROUGH 43, INCLUSIVE, ACCORDING TO THE DECLARATION THEREOF, RECORDED UNDER KING COUNTY RECORDING NO. 20020716000308, AND ANY AMENDMENTS THERETO;

SITUATE IN THE CITY OF KIRKLAND, COUNTY OF KING, STATE OF WASHINGTON.

Loan Number: 26400044378

## CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this 19th day of December, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, Security Deed or other security instrument (the "Security Instrument") of the same date given by the undersigned (the "Mortgagor," whether there are one or more persons undersigned) to secure Mortgagor's Note or Home Equity Line of Credit Agreement and Disclosure (the "Note") to JPMorgan Chase Bank, N.A. (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

210 10TH ST APT 5, KIRKLAND, WA 98033
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:

Waverly Crest
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium Project (the "Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Mortgagor's interest in the Owners Association and the uses, proceeds and benefits of Mortgagor's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Mortgagor and Lender further covenant and agree as follows:

**A.** **Condominium Obligations.** Mortgagor shall perform all of Mortgagor's obligations under the Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and (iv) other equivalent documents. Mortgagor shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**B.** **Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives the provision in the Security Instrument for the periodic payment to Lender of the yearly premium



Page 1 of 3

Condo Rider HC58897v2 (9/23/05)                                 12/18/2007 06:40 PM
HCONDO01.UFF                                                                      C

Loan Number: 26400044378

installments for property insurance on the Property; and (ii) Mortgagor's obligation under the Security Instrument to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan. Mortgagor shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Mortgagor are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Mortgagor.

**C. Public Liability Insurance.** Mortgagor shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Mortgagor in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to restoration or repair of the Property or to the sums secured by the Security Instrument as provided therein.

**E. Lender's Prior Consent.** Mortgagor shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Mortgagor does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Mortgagor secured by the Security Instrument. Unless Mortgagor and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the rate of interest or finance charge set forth in the Note and shall be payable, with interest, upon notice from Lender to Mortgagor requesting payment.

Page 2 of 3

Condo Rider HC58897v2 (9/23/05)
HCONDO02.UFF

12/18/2007 06:40 PM

C

Loan Number: 26400044378

BY SIGNING BELOW, Mortgagor accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____ (Seal)
BENJAMIN D. BRASHEN                                -Mortgagor

_____ (Seal)
                                                   -Mortgagor

_____ (Seal)
                                                   -Mortgagor

_____ (Seal)
                                                   -Mortgagor

_____ (Seal)
                                                   -Mortgagor

_____ (Seal)
                                                   -Mortgagor

Page 3 of 3

Condo Rider HC58897v2 (9/23/05)                    12/18/2007 06:40 PM
HCONDO03.UFF
                                                                      C